977 So.2d 135 (2008)
STATE of Louisiana
v.
Gregory C. CUMMINGS.
No. 07-KA-686.
Court of Appeal of Louisiana, Fifth Circuit.
January 22, 2008.
*137 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District Parish of Jefferson, Terry M. Boudreaux, Anne Wallis, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Prentice L. White, Attorney at Law, Louisiana Appellate Project, Baton Rouge, Louisiana, for Defendant/Appellant.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
On October 20, 2006, the Jefferson Parish District Attorney filed a bill of information charging defendant, Gregory C. Cummings, with possession with intent to distribute cocaine, a violation of LSA-R.S. 40:967(A). He pled not guilty at arraignment. Defendant filed several pre-trial motions, including a motion to suppress evidence. After a hearing on March 8, 2007, the trial court denied defendant's motion to suppress. After a one-day trial on April 24, 2007, the jury found defendant guilty as charged. He filed a motion for new trial, which was denied by the trial court. The trial court sentenced defendant to 15 years at hard labor with the first two years to be served without benefit of parole, probation or suspension of sentence. Defendant appeals.
FACTS
At trial, Deputy Robert Miles and Deputy Justin Brown of the Jefferson Parish *138 Sheriff's Office testified that they were on patrol in Jefferson Parish on October 4, 2006. At approximately 10:30 p.m., they were stopped in the parking lot of a Baker's Dozen donut shop when they saw defendant and an unidentified man come from around the corner of the shop. According to Deputy Miles, the business appeared abandoned and was in a high crime area. Defendant threw a cup on the ground, which Deputy Miles described as littering. Deputy Brown also saw one of the men throw down a cup. The officers ordered the men to pick up the cup.
Deputy Miles and Deputy Brown decided to question the two men about the littering violation and to investigate what they were doing behind the closed or abandoned business late at night. For their safety, the officers asked the two men to step over to their police car. Deputy Miles began to question the men about their activities, and he asked them for identification. At that time, defendant acted as if he was choking or coughing. According to Deputy Brown, defendant was doubled over, as if he was ill. Deputy Miles asked defendant if he was choking. When Deputy Brown moved closer to defendant, he pushed Deputy Brown and began to run.[1]
Deputy Brown chased defendant on foot, never losing sight of him. Deputy Miles pursued defendant in his vehicle. During the chase, Deputy Brown observed defendant reach into his pocket with his right hand, pull out two plastic bags, and discard them. The bags landed in the street. As Deputy Miles was exiting his vehicle, he also observed defendant stick his hand into his right pocket and throw two off-white colored objects that struck a parked vehicle and landed in the street. While pursuing defendant, both deputies lost sight of the other man. Deputy Miles testified that the other man was not his primary concern because he had not committed a battery on a police officer or any other crime in his presence.
Defendant was subsequently apprehended and placed under arrest. Deputy Miles retrieved the objects defendant had thrown, which he described as two individual packages containing rocks of crack cocaine. Deputy Miles testified that the packaging was consistent with the sale of narcotics. When asked if he found proceeds from the sale of narcotics on defendant, Deputy Miles replied, "We found some cash."
Thomas Angelica, a forensic scientist for the Jefferson Parish Sheriff's Office, testified that the off-white material in the two plastic bags tested positive for cocaine. The net weight of the cocaine was approximately 11.13 grams.
Lieutenant Bruce Harrison of the Jefferson Parish Sheriff's Office, an expert in the use, packaging, distribution, and value of controlled dangerous substances, testified that the drugs in this case were in very large chunks and could be cut into smaller pieces for resale. The weight of the drugs, based on his visual inspection, was consistent with possession with intent to distribute. He stated that the value of the drugs seized would be approximately $400 to $500, which was not consistent with personal use. Rather, the value was consistent with a business operation. This amount of drugs, after being cut into smaller pieces, could be sold on the street for between $1000 and $2000, depending on the number of pieces.
Defendant testified that on the night in question, he was coming from his house, which is three houses away from Baker's Dozen. When he was asked by the police *139 if he was going to leave the cup on the ground, he told them that the cup did not belong to him but he would pick it up. He testified that when he brought the cup to the police officer, the officer told him that he looked like a drug dealer and told him to place his hands on the car. Defendant stated that he complied. Robert, the man walking with him that night, also placed his hands on the car. The officers began to question defendant about drugs, but defendant told them that he did not know about any drugs or have drugs because he had only been released from prison for six weeks. He told the officers that he had just finished serving a sixteen-month sentence.[2] Defendant claimed that he was not in possession of the drugs recovered by the police, but it was possible that the other man he was with threw down the drugs. He also claimed that he did not push one of the deputies.
DISCUSSION
In his first assignment of error, defendant asserts that the trial court committed manifest error by accepting the jury's guilty verdict despite the fact that the record does not contain sufficient evidence to establish that defendant  not the unidentified male with defendant  was in possession of illegal drugs. However, defendant does not brief the issue of sufficiency of the evidence on appeal. Rather, in his brief, he argues that the trial court erred in denying his motion to suppress the evidence.
Assignments of error that are neither briefed nor argued are considered abandoned on appeal. Uniform Rules Courts of Appeal, Rule 2-12.4. Since defendant has failed to brief the assigned sufficiency errors, they are abandoned and will not be addressed. However, we will address defendant's arguments regarding the motion to suppress evidence, which was briefed on appeal.
Defendant argues that the trial court erred in denying his motion to suppress evidence, because the drugs discovered by the officers were obtained as the result of an illegal arrest. He contends that the police did not observe him engaging in any illegal activity. Defendant claims that the drugs either belonged to the other man or the drugs were just lying on the ground in a drug infested high crime section of the city. The State responds that the officers had reasonable suspicion to stop defendant because they observed him littering and walking from behind a closed or abandoned building at night in a high drug trafficking area. The State claims the officers' experience with drug activity occurring in this manner gave them reasonable suspicion to justify the investigatory stop.
The Fourth Amendment to the United States Constitution and the Louisiana Constitution Article 1 § 5 protect individuals from unreasonable searches and seizures. State v. Massey, 03-1166, p. 4 (La.App. 5 Cir. 1/27/04), 866 So.2d 965, 968. Law enforcement officers are authorized by LSA-C.Cr.P. art. 215.1, as well as state and federal jurisprudence, to perform investigatory stops, which permits officers to stop and interrogate a person who is reasonably suspected of criminal activity. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Gresham, 97-1158, p. 10 (La.App. 5 Cir. 4/15/98), 712 So.2d 946, 951, writ denied, 98-2259 (La.1/15/99), 736 So.2d 200. The Terry standard, as codified in LSA-C.Cr.P. *140 art. 215.1, authorizes a police officer "`to stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense' and to demand that the person identify himself and explain his actions." State v. Melancon, 03-514, p. 5 (La.App. 5 Cir. 10/28/03), 860 So.2d 225, 229, writ denied, 03-3503 (La.4/23/04), 870 So.2d 297. Without reasonable suspicion, an investigatory stop is illegal and the evidence seized from that stop is suppressible. State v. Triche, 03-149, p. 6 (La.App. 5 Cir. 5/28/03), 848 So.2d 80, 84.
An area with the reputation of having "high crime" is an articulable fact upon which the police may rely and is relevant in the determination of whether there is reasonable cause to conduct an investigatory stop. State v. Barney, 97-777, pp. 4-5 (La.App. 5 Cir. 2/25/98), 708 So.2d 1205, 1207. Flight, nervousness, or a startled look at the sight of a police officer is insufficient to justify an investigatory stop by itself. Id. However, these types of conduct may be highly suspicious and, therefore, may be one of the factors leading to a finding of reasonable suspicion. Massey, 03-1166 at p. 5, 866 So.2d at 968. In addition, a police officer's experience, his knowledge of recent criminal patterns and his knowledge of an area's frequent incidence of crimes, are factors that may support a finding of reasonable suspicion for an investigatory stop. Id. at p. 6, 866 So.2d at 969.
On a motion to suppress evidence, the State has the burden of establishing the admissibility of evidence seized without a warrant. LSA-C.Cr.P. art. 703(D), State v. Manson, 01-159, p. 5 (La. App. 5 Cir. 6/27/01), 791 So.2d 749, 755. A trial court's denial of a motion to suppress is afforded great weight, and it will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. Gagnon, 01-1302, p. 8 (La.App. 5 Cir. 4/10/02), 817 So.2d 167, 171. The appellate court may consider the evidence adduced at the hearing on the motion to suppress, as well as all pertinent evidence given at the trial of the case, in determining whether a motion to suppress ruling was correct. State v. Roche, 05-237, pp. 7-8 (La.App. 5 Cir. 4/25/06), 928 So.2d 761, 765, writ denied, 06-1566 (La.1/8/07), 948 So.2d 120.
In the present case, both officers testified at the suppression hearing and at trial that they observed defendant and his companion come from around the back of an abandoned building and drop a cup. This littering violation alone gave the officers reasonable suspicion to stop defendant. The officers decided to question the two men concerning their activities behind the closed or abandoned building late at night. Officer Miles testified that the incident took place in a high drug and crime area. In fact, the business that defendant came from behind had previously been the site of drug activity. Defendant's actions in this high crime area at night gave the officers reasonable suspicion to believe that he was involved in other criminal activity. Therefore, the officers had reasonable suspicion to stop defendant and to demand that he identify himself and explain his actions.
Once defendant ran and discarded the drugs, the officers had the legal right to seize them to be used in the resulting prosecution. Property may be lawfully seized and used against the citizen in a resulting prosecution, if a citizen abandons or otherwise disposes of property prior to any unlawful intrusion into the citizen's right to be free from governmental interference. State v. Butler, 01-0907, p. 11 (La.App. 5 Cir. 2/13/02), 812 So.2d 120, 127.
*141 Considering the totality of the circumstances in this case, we find no error in the trial judge's denial of defendant's motion to suppress.
In his second assignment of error, defendant asserts that the trial court committed reversible error by arbitrarily allowing the State to present to the jury defendant's prior bad acts as support for its contention that defendant must have been in possession of illegal drugs because of his criminal disposition. He claims that the testimony of Deputy Miles concerning other crimes allegedly committed by defendant on the same day, i.e., a battery on a police officer, was evidence of other crimes, wrongs, or acts that prejudiced him, because it gave the jury the impression that he was a career criminal and, therefore, was in possession of the drugs.
The State argues that defendant proceed to trial without a ruling on his motion in limine. Therefore, it is waived. In addition, the State argues that even if the testimony was an impermissible reference to other crimes, it was unattributable to the verdict because of the overwhelming evidence against defendant.
"If a defendant does not object to the trial court's failure to rule on a motion prior to trial, the motion is considered waived." State v. Ruffin, 02-798, p. 16 (La.App. 5 Cir. 12/30/02), 836 So.2d 625, 636, writ denied, 03-3473 (La.12/10/04), 888 So.2d 831. To preserve the right to seek appellate review of an alleged trial court error, the party alleging the error must state an objection contemporaneously with the occurrence of the alleged error, as well as the grounds for that objection. LSA-C.Cr.P. art. 841; State v. Browning, 06-929, p. 9 (La.App. 5 Cir. 4/11/07), 956 So.2d 65, 72. The purpose behind this rule is to put the trial judge on notice of an alleged irregularity, thereby allowing the trial judge the opportunity to make the proper ruling and correct any claimed prejudice to the party alleging the error. Id.
In the present case, on the day of trial, defendant filed a motion in limine to exclude any reference to the crime of battery of a police officer. However, the record indicates that defendant proceeded to trial without a ruling on the motion in limine. Therefore, this issue was waived and should not be considered. However, even if we consider this issue, defendant's argument is without merit.
"[E]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." LSA-C.E. art. 404(B)(1). However, "evidence of other crimes, wrongs or acts may be introduced when it is independently relevant or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.'" Id.; State v. LaGarde, 07-288, p. 8 (La.App. 5 Cir. 10/30/07), 970 So.2d 1111. It is required that there be a close connexity between the charged and uncharged conduct to ensure that the purpose of the admission of other crimes evidence is not to depict the defendant as a bad man, but rather to complete the narrative of the crime for which the defendant is currently on trial by proving the immediate context of happenings near in time and place. State v. Taylor, 01-1638, p. 10 (La.1/14/03), 838 So.2d 729, 741, cert. denied, 540 U.S. 1103, 124 S.Ct. 1036, 157 L.Ed.2d 886 (2004).
In the present case, the alleged battery of Deputy Brown was admissible because it was an integral part of the crime for which defendant was on trial. There was a close temporal connection between the two incidents. During the investigatory stop, defendant pushed Deputy *142 Brown and ran. The officers chose to pursue defendant, instead of the man with defendant, because of this battery. As the officers pursued defendant, they observed him discard the drugs that were retrieved by the officers and that formed the basis of the charges brought against defendant.
Considering the evidence before us, we find that Officer Miles' testimony regarding defendant's alleged battery on a police officer was admissible, because it was an integral part of the transaction at issue in this case.
ERRORS PATENT
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990). The review reveals that there are two errors patent.
First, the record indicates that the trial judge failed to notify defendant of the two-year prescriptive period for filing an application for post-conviction relief, as required by LSA-C.Cr.P. art. 930.8. Although the commitment/minute entry indicates that defendant was advised of the prescriptive period for filing for post-conviction relief, the sentencing transcript indicates that he was not so advised. When there is a discrepancy between the transcript and the commitment/minute entry, the transcript governs. See State v. Lynch, 441 So.2d 732, 734 (La.1983). Accordingly, we remand the case and order the trial court to inform defendant of the appropriate prescriptive period for filing for post-conviction relief by sending appropriate written notice to defendant within ten days of the rendition of this Court's opinion and by filing written proof that defendant received the notice in the record. See State v. Mutz, 04-1072, p. 9 (La.App. 5 Cir. 2/15/05), 896 So.2d 1129, 1135.
Second, defendant filed a motion to reconsider sentence on May 17, 2007, but the record does not indicate that the trial court ruled on this motion. Although defendant does not challenge his sentence on appeal, we must remand the case for the trial court to rule on the motion to reconsider sentence and for supplementation of the record with the results. State v. Badeaux, 01-618, p. 7 (La.App. 5 Cir. 11/27/01), 802 So.2d 905, 909, writ denied, 01-3403 (La.10/4/02), 826 So.2d 1121; State v. Simmons, 00-1037, p. 7 (La.App. 5 Cir. 2/28/01), 781 So.2d 821, 826.
DECREE
For the foregoing reasons, we affirm defendant's conviction. We remand the case and order the trial court to send written notice to defendant of the prescriptive period for filing an application for post-conviction relief. We further order the trial court to rule on defendant's motion to reconsider sentence, if it has not already done so.
AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] Deputy Brown identified defendant in court as the man who pushed him and ran.
[2] Defendant testified that the sixteen-month sentence was for false imprisonment with a weapon. At trial, defendant also admitted that he previously was convicted for being a convicted felon in possession of a firearm in 1994, possession of cocaine in 1992, and burglary in 1976.