*534
 
 EDWARD A. DUFRESNE, JR., Chief Judge.
 

 _JjThe Jefferson Parish District Attorney filed a bill of information charging defendant, Robert A. Neely, with possession of a sawed off shotgun while committing a crime of violence in violation of LSA-R.S. 14:95(E) (count one), aggravated criminal damage to property in violation of LSA-R.S. 14:55 (count three), and possession of a firearm having a barrel less than 18 inches in length which was not registered with the Louisiana Department of Public Safety and Corrections in violation of LSA-R.S. 40:1785 (count four).
 
 [1]
 
 Defendant pled not guilty to these charges and subsequently filed various pretrial motions. On August 24, 2007, the trial court heard and denied defendant’s oral motion to reduce bond and oral motion to recuse the trial judge. On November 6, 2007, the trial court heard and denied defendant’s motion to suppress his identification, statement, and evidence.
 

 Defendant thereafter proceeded to trial on counts one and three, and a twelve-person jury unanimously found defendant guilty as charged as to both |.¿counts.
 
 [2]
 
 The trial judge sentenced defendant to ten years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence as to count one, and to twelve years imprisonment at hard labor as to count three. These sentences were ordered to run concurrently with each other. Defendant now appeals.
 

 FACTS
 

 On April 14, 2007, Keith Matherne and Loni Caruso slept at Karen and Robert Neely’s house. At the time, Mickey Bruce was also staying at this house. The next day, Keith and Loni noticed that they were missing some money, an ATM card, and prescription medication. Keith and Loni confronted them about the missing property. After no one admitted to taking the property, Keith and Loni left.
 

 Keith and Loni returned to the house in an attempt to get their missing property and then left again. After riding around that evening, they went to the Avondale Truck Stop on Highway 90. While they were leaving the truck stop, Bruce pulled his truck in front of Keith’s truck and blocked them off. Bruce and defendant got out of Bruce’s truck, and Keith and Loni got out of Keith’s truck. After arguing, Bruce told defendant to get the gun out of the truck. Defendant retrieved the gun, and Bruce put the gun to Loni’s throat. Loni described the gun as a sawed off shotgun. According to Loni, she gently pushed the gun away, and they agreed to go talk about it. After Keith said he would call the police, Bruce threatened to shoot and kill him, putting the gun to his chest. They returned to their trucks after agreeing to go talk about it.
 

 Keith drove off and as he turned onto Highway 90, Bruce and defendant followed behind them. Bruce was driving, and defendant was in the passenger seat. Shots were then fired, and Keith’s truck was struck multiple times. The shots |3struck the side of the truck by the gas tank, the back windshield, and the tailgate. Keith and Loni did not see who fired the shots. Keith and Loni went to the fire station and called the police. Once the officers arrived, they told the officers the identity of the two individuals involved.
 

 Detective Decker compiled photographic lineups of defendant and Bruce and pre
 
 *535
 
 sented the lineups to Keith and Loni, who both positively identified defendant and Bruce as the individuals involved in this encounter. Based on the positive identifications, Detective Decker prepared arrest warrants for defendant and Bruce and a search warrant for defendant’s address. Defendant was arrested and his residence was searched. Pieces of a shotgun and shotgun shells were recovered from the residence.
 

 Defendant was transported to the Detective Bureau, was advised of his
 
 Miranda
 

 [3]
 

 rights, acknowledged that he understood his rights, waived his rights, and gave a statement. In his statement, defendant alleged that the conflict between the parties involved selling guns. According to defendant, Bruce thought that he, Loni, and Keith had stolen the guns that Keith was going to sell because they had not returned with the money. Defendant told Bruce that he had nothing to do with cheating him out of money, and he then took a ride with Bruce to look for Keith and Loni. In his statement, defendant admitted to retrieving the loaded shotgun and giving it to Bruce, admitted to shooting at the truck, and admitted to cutting up the gun with a hacksaw. Defendant also admitted that the components of a shotgun located during a search of his residence was the same shotgun used in the incident.
 

 Bruce was arrested around the same time as defendant. A search warrant was executed on his truck. A gunshot residue test was conducted on the passenger side of the vehicle. Testing suggested that gunshot residue was present in the right passenger window frame and door jam.
 

 |4Additional evidence was later obtained when the receiver end of a shotgun was recovered from Bayou Segnette Waterway on June 15, 2007. Divers discovered the evidence after searching a location based on information Detective Decker received regarding the investigation.
 

 Defendant testified at trial. His testimony was similar to the statement he had previously given, except he denied that he was the shooter. Instead, he testified that Bruce, who was driving, shot three times into Keith’s vehicle from the driver’s side through the passenger side window. Defendant testified that when he gave his statement he was trying to be loyal to Bruce, and further that he was “under the influence” at the time of his statement.
 

 ASSIGNMENT OF ERROR NUMBER ONE
 

 On appeal, defendant argues that the trial court erred in failing to hold the motion to recuse hearing on the record. According to the August 24, 2007 minute entry, defendant made an oral motion to recuse the judge. After the matter was argued and submitted, the trial court denied the motion and defendant objected. According to a court reporter’s August 18, 2008 letter regarding the August 24, 2007 transcript request, the pretrial conference was held in chambers off the record.
 

 Defendant now argues he cannot receive a fair appeal because the recusal hearing was not held on the record. Because there is no transcript of the pretrial hearing on the recusal motion, he contends the issue cannot be addressed. For the reasons that follow, we find no merit to defendant’s arguments.
 

 The Louisiana Supreme Court and the United States Supreme Court have made clear that a criminal defendant has a right to a complete transcript of the trial proceedings, in particular, where as here, appellate counsel was not counsel at trial.
 
 *536
 

 State v. Deruise,
 
 98-0541 (La.4/3/01), 802 So.2d 1224, 1234,
 
 cert. denied,
 
 534 U.S. 926, 122 S.Ct. 283, 151 L.Ed.2d 208 (2001). The interests of justice require |athat a defendant be afforded a new, fully recorded trial where a defendant’s attorney is unable, through no fault of his own, to review a substantial portion of the trial record for errors so that he may properly perform his appellate counsel duties.
 
 State v. Ford,
 
 338 So.2d 107, 110 (La.1976).
 

 In addition, in Louisiana, the constitution guarantees a defendant the right of appeal “based upon a complete record of all the evidence upon which the judgment is based.”
 
 State v. Deruise,
 
 802 So.2d at 1234 (citing La. Const, art. I, § 19). LSA-R.S. 13:961(C) provides, in pertinent part, that in criminal cases tried in the district courts, the court reporter shall record all portions of the proceedings required by law and shall transcribe those portions of the proceedings required. Further, LSA-C.Cr.P. art. 843 provides, in pertinent part, that in felony cases, the clerk or court stenographer shall record all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders and charges by the court, and objections, questions, statements, and arguments of counsel.
 

 Although the Louisiana Supreme Court has found reversible error when material portions of the trial record were unavailable or incomplete, a “slight inaccuracy in a record or an inconsequential omission from it which is immaterial to a proper determination of the appeal” does not require reversal of a defendant’s conviction. A defendant is not entitled to relief because of an incomplete record unless there is a showing of prejudice based on the missing portions of the transcript.
 
 State v. Boatner,
 
 03-0485 (La.12/3/03), 861 So.2d 149, 153;
 
 State v. Cambre,
 
 05-888 (La.App. 5 Cir. 7/25/06), 939 So.2d 446, 457,
 
 writ denied,
 
 06-2121 (La.4/20/07), 954 So.2d 158.
 

 Contrary to defendant’s position, not all proceedings are required to be transcribed. In
 
 State v. Hoffman,
 
 98-3118 (La.4/11/00), 768 So.2d 542, 586-87,
 
 _|_6,cert. denied,
 
 531 U.S. 946, 121 S.Ct. 345, 148 L.Ed.2d 277 (2000), the Louisiana Supreme Court stated the following:
 

 This court has never articulated a
 
 per se
 
 rule either requiring the recording of bench conferences or exempting them from the scope of La.Code Crim. Proc. art. 843. Still, art. 843’s description of “objections” and “arguments” will normally apply only to objections made in open court and the arguments of counsel in closing, because only these objections and arguments rise to a level of materiality sufficient to invoke art. 843. Similarly, Art. I, § 19’s command to record “evidence” does not encompass bench conferences, at least, not ones that do not satisfy the materiality requirements of La.Code Crim. Proc. art. 843. (citations and footnotes omitted)
 

 See also State v. Gant,
 
 06-232 (La.App. 5 Cir. 9/26/06), 942 So.2d 1099, 1124-25,
 
 writ denied,
 
 06-2529 (La.5/4/07), 956 So.2d 599, where this Court rejected defendant’s claim that the trial court erred in refusing its request to have its objections and bench conferences transcribed, where one conference involved his motion for a mistrial, another involved a hearsay issue, and the remaining two bench conferences occurred during voir dire.
 

 In the present case, defendant has failed to show how he was prejudiced by the missing transcript. Defendant does not point to any specific instance of prejudice, but merely argues that “the entirety of the trial was presided over by a judge who may have a legitimate grounds [sic] to be
 
 *537
 
 recused.” See
 
 State v. Chattman,
 
 01-556 (La.App. 5 Cir. 10/30/01), 800 So.2d 1043, 1050,
 
 'unit denied,
 
 01-3320 (La.12/19/02), 833 So.2d 332, where this Court found that defendant failed to show that he was prejudiced by the missing transcript, noting that in his appellate brief the defendant alleged that he was prejudiced by the absence of the recusal transcript because it “may be argued that without Judge Wicker presiding over the trial the defense was prejudiced.” Further, even though this pretrial oral motion was not recorded, defendant had access to the trial transcript for review on appeal. Defendant has not cited to any error or evidentiary hearing relative to the 17trial, nor does he point to a specific instance of prejudice with respect to any ruling of the court.
 

 Moreover, defendant’s motion to recuse was not in wilting, and therefore, presents nothing for this Court to review. A party desiring to recuse a trial judge shall file a written motion assigning the ground for recusal.
 
 State v. Page,
 
 02-689 (La.App. 5 Cir. 1/28/03), 837 So.2d 165, 181,
 
 writ denied,
 
 03-0951 (La.11/7/03), 857 So.2d 517. In
 
 State v. Crothers,
 
 278 So.2d 12, 14 (La.1973),
 
 cert. denied,
 
 414 U.S. 1096, 94 S.Ct. 731, 38 L.Ed.2d 555 (1973), the Louisiana Supreme Court found that the defendant’s motion to recuse was not in writing as was required by LSA-C.Cr.P. art. 674 and, therefore, the denial of the oral motion for recusal presented nothing for it to review.
 
 See also State v. Lewis,
 
 97-1244 (La.App. 3 Cir. 3/6/98), 728 So.2d 1, 9,
 
 writ denied,
 
 98-0977 (La.9/18/98), 724 So.2d 752;
 
 State v. Williams,
 
 96-1587 (La. App. 4 Cir. 4/16/97), 693 So.2d 249, 252-53,
 
 writ denied,,
 
 97-2513 (La.4/9/98), 717 So.2d 1138; and
 
 State v. Davis,
 
 485 So.2d 981, 982-83 (La.App. 4 Cir.1986),
 
 lurit denied,
 
 488 So.2d 1019 (La.1986), where these appellate courts recognized that there was nothing to review when the defendants filed oral motions to recuse the trial judges.
 

 Based on the foregoing discussion, we find that the arguments raised in this assigned error are without merit.
 

 PRO SE ASSIGNMENT OF ERROR
 

 Subsequent to the filing of the appellate brief by defense counsel, defendant filed a pro se supplemental brief alleging that the trial court’s omission of voir dire and jury selection from the appellate record violated his constitutional right to a complete record of all evidence on which the judgment was based. Defendant argues that it is impossible to determine if any selected jurors were biased, impartial, or prejudiced against defendant, noting that there were two selected jurors that disclosed close personal friendships with the alleged victim. Defendant |xalso notes that there were unrecorded bench conferences held during jury selection to determine if jurors were dismissed for cause or challenge, making it impossible for this Court to determine if jurors were properly challenged for cause or peremptorily and relieved from the jury in an unbiased manner.
 

 In the present case, defendant has failed to show how he was prejudiced by the missing voir dire transcripts. The missing portion of the trial record concerning jury selection is not evidentiary and therefore, its absence does not compromise defendant’s constitutional right to a judicial review of all evidence. In addition, defense counsel did not specifically request that voir dire be transcribed, nor did he raise any assignments of error relating to voir dire.
 
 [4]
 
 Moreover, in his pro se assignment
 
 *538
 
 of error, defendant did not specifically request that the record be supplemented with the transcripts, nor did he point to any specific prejudice he has suffered. Although under LSA-C.Cr.P. art. 914.1(D), this Court could designate additional portions of the transcript of the proceedings which it feels are necessary for full and fair review of the assignment of errors, it is not necessary for this Court to exercise this authority. The January 15, 2008 minute entry containing the jury selection indicates defendant used only five peremptory challenges.
 
 See
 
 LSA-C.Cr.P. art. 799.
 
 [5]
 
 Further, the minute entry does not reflect any objections by defense counsel. Given these reasons, defendant has failed to show how he was prejudiced by the missing voir dire transcripts.
 

 Accordingly, we find no merit no defendant’s pro se assignment of error.
 

 J¡¡ERROR PATENT DISCUSSION
 

 We have also reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Wetland,
 
 556 So.2d 175 (La.App. 5 Cir.1990).
 

 Our review reveals that the trial court failed to inform defendant of the time period within which to apply for post-conviction relief, as required by LSA-C.Cr.P. art. 930.8. We note that although the commitment reflects defendant was properly advised of the prescriptive period for filing post-conviction relief, the transcript does not so reflect. In the past, this Court has ordered the trial court to properly advise defendant of the prescriptive period under LSA-C.Cr.P. art. 930.8 by written notice within 10 days of the rendition of this Court’s opinion and then to file written proof in the record that defendant received the notice.
 
 See State v. Cummings,
 
 07-686 (La.App. 5 Cm. 1/22/08), 977 So.2d 135, 142,
 
 writ denied,
 
 08-0471 (La.9/26/08), 992 So.2d 984. However, in
 
 State v. Morris,
 
 40,322 (La.App. 2 Cir. 1/25/06), 920 So.2d 359, 363, the Second Circuit corrected this error patent by way of its opinion rather than a remand. In accord with
 
 Monis,
 
 we advise defendant by this opinion, that, no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of LSAC.Cr.P. arts. 914 or 922.
 

 Accordingly, for the reasons set forth herein, we affirm defendant’s convictions and sentences.
 

 DEFENDANT’S CONVICTION AND SENTENCE AFFIRMED.
 

 [1]
 

 . Codefendant Mickey Bruce was charged in this bill of information as to counts one, two, and three.
 

 [2]
 

 .
 
 The State entered a nolle prosequi as to count four.
 

 [3]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694(1966).
 

 [4]
 

 . According to LSA-C.Cr.P. art. 914.1(A), the party making the motion for appeal shall, at the time the motion is made, request the transcript of that portion of the proceedings
 
 *538
 
 necessary, in light of the assignment of errors to be urged.
 

 [5]
 

 . The Louisiana Supreme Court has held that the defense's failure to exhaust its peremptory challenges bars review on appeal of a claim of an improperly denied peremptory challenge.
 
 See State v. Jones,
 
 03-3542 (La. 10/19/04), 884 So.2d 582. In
 
 State v. Campbell,
 
 06-0286 (La.5/21/08), 983 So.2d 810,
 
 cert. denied,
 
 - U.S. -, 129 S.Ct. 607, 172 L.Ed.2d 471 (2008), the Louisiana Supreme Court recognized that an erroneous ruling on a challenge for cause which does not deprive a defendant of one of his peremptory challenges does not provide grounds for reversing his conviction and sentence. The court stated that a defendant must use one of his remaining peremptory challenges curatively to remove the juror or waive the complaint on appeal, even in a case in which he ultimately exhausts his peremptory challenges.