CHEHARDY, C.J. hOn appeal, defendant challenges her conviction and enhanced sentence. For the following reasons, we affirm. Procedural History On August 8, 2014, the St. John the Baptist Parish District Attorney filed a bill of information charging Shawanda Marie Nevers-Hawkins, defendant-herein, with theft of assets of an aged person, in violation of La. R.S. 14:67.21. Defendant was arraigned on August 18, 2014, and pled not guilty. On February 16, 2016, the two-day trial commenced before a six-person jury, which found defendant guilty as charged. On February 18, 2016, after trial, defendant orally moved for a post-verdict judgment of acquittal that was denied by the trial judge.[1] ■ On March 4, 2016, the State filed a multiple offender bill of information alleging defendant to be a “fifth” felony offender. On June 13, 2016, defendant stipulated to the allegations set forth in the multiple offender bill of information. The trial judge found that the: State had presented sufficient proof that defendant was' a third felony offender. Thereafter, a restitution hearing was held. The trial judge, however, postponed sentencing so that defense counsel could prepare a motion for new trial. On September 8, 2016, defendant orally moved for a new trial, which was denied that day. That same day, defendant waived sentencing delays, but withdrew her prior stipulation to the multiple bill. Consequently, , on September 8, 2016, the State presented testimony supporting their allegations in the multiple offender bill of information. After hearing the testimony, the trial judge found that the State had proven that |2defendant was a third felony offender. That day, the trial judge sentenced defendant under La. R.S. 16:529.1 to twelve years imprisonment in the Department of Corrections.[2] Also, after finding defendant to be indigent, the trial judge ordered her to pay restitution of $20,000.00 to the victim, in the amount of $160.00 per month. Defendant immediately orally moved to appeal. On September 19, 2016, defendant filed a timely Pro Se Motion for Appeal, which was granted the next day. This appeal follows. Facts At trial, Barbara Sylvester-testified that she was born on October 17, 1948. At the time of trial, Ms. Sylvester was a sixty-seven year old retiree, living alone, on a fixed income from retirement and social security disability. Ms. Sylvester testified that she had known Shawanda Marie Nev-ers-Hawkins for most of Ms. Hawkins’ life because they lived in the same neighborhood and Ms. Sylvester was friends with Ms. Hawkins’ mother. Ms. Sylvester explained that, on August 30, 2013, Ms. Hawkins called her on the phone and asked to borrow $1,500.00 for an ice machine for “her restaurant.” Ms. Sylvester agreed, and Ms. Hawkins came to' her house to pick up the $1,500.00 in cash. According to Ms. Sylvester, Ms. Hawkins promised to pay her back the next day. ■ Later that day, however, Ms. Hawkins contacted Ms. Sylvester asking, to borrow an additional $18,500.00. Ms. Sylvester testified that Ms. Hawkins stated that she was the owner of 3LJs Café in LaPlace, and that the money to pay Ms. Sylvester back was going to come from credit card sales at the business. Ms. Hawkins drafted a ‘promissory note,’ providing that she was borrowing $20,000.00 Lon August 30, 2013, which would be repaid, plus an additional $20,000.00 for a total of $40,000.00, by September 30, 2013. Ms. Sylvester testified that she did not know how Ms. Hawkins intended to use the loan money but that Ms. Sylvester did not intend to invest money in 3LJs Café. On the evening of August 30, 2013, Ms. Hawkins and Ms. Sylvester went before a notary public and signed the note. Afterward, Ms. Sylvester went to her bank; withdrew $18,500.00 from her savings account, obtained a cashier’s check in the amount of $18,500.00, and-gave it to Ms. Hawkins. Ms. Sylvester testified that Ms. Hawkins did not repay her by September 30, 2013. Ms. Sylvester requested, repayment from Ms. Hawkins via facsimile transmission on October 17, 2013 and October 24, 2013, to no avail. At trial, Ms. Sylvester testified that Ms. Hawkins has never .repaid any of the $20,000.00 lent to her. Ms. Sylvester testified that, in November of 2013, she went to the St. John Parish Sheriffs Office (“SJPSO”), filed a complaint that her money was stolen, gave a statement, and picked defendant from a photographic lineup as the person that stole her money. Detective Maurice Rodriguez of the SJPSO testified that, after Ms. Sylvester reported the incident, his investigation revealed that defendant did not own or operate any business in St. John Parish that would allow her to pay back the- money as set forth in the promissory note, which was drafted by defendant. Based on his investigation and, experience as a law enforcement officer, he concluded that Ms. Sylvester was a victim of fraud; Detective Rodriguez eventually arrested Ms. Hawkins, defendant herein, in June, of 2014, and charged her with theft of assets of an aged person. Ashley Deroche, ah employee of the SJPSO property tax occupational license department, testified that an occupational license is required by St. John Parish ordinance for any person wanting to conduct business in the Parish and that |4her department maintains records of occupational licenses. Ms. Deroche reported that SJPSO issued an occupational license, effective June 4, 2013, to Laquana A. Lewis as the owner of 3LJs Café> Services and Sports Bar in LaPlace. Ms. Deroche further noted that there were no occupational licenses in defendant’s name for 2013. After the State rested, Laquana Lewis, defendant’s daughter, testified that 3LJs was a family-owned business, which she owned and defendant managed. At the close of the testimony and evidence, the six-person jury unanimously found défen-dant guilty as charged. Discussion On appeal, defendant raises two assignments of error challenging her conviction and sentence: first, defendant argues that the State proved to fail.that* she intended to- defraud Ms. Sylvester and, thus, her conviction should'be reversed, and second, her sentence of twelve .years- is excessive and unconstitutional. In her first assigrimént of error, defendant argues that the evidence was insufficient to support her conviction. She contends that there was no fraudulent plan to misappropriate any funds from Ms. Sylvester or to commit any form of conversion. She further asserts that she was unable to pay Ms. Sylvester because her business was suffering, and the accounts receivable for the restaurant were -diminishing. Defendant explains that, although she was not the registered owner of-the 3LJs Café, she was borrowing the money from Ms. Sylvester .in an attempt to salvage her family business and that Ms. Sylvester was aware of the purpose of the loan.- She further explains that she showed good faith by executing a promissory note in favor of Ms. Sylvester with the intent of returning the original sum and paying her one hundred percent interest. Defendant maintains that she" never intended to. defraud Ms. Sylvester. LThe Staté responds that ⅛ presented sufficient evidence at trial to support the conviction. The State responds that several factors point to the defendant’s intent to defraud the victim: the “doúblé-ydur-mon-ey” nature of the loan, defendant’s misrepresentations regarding ownership of the business and building, the defendant’s avoidance of' the' victim, and failure to repay any portion of the debt. The State argues that defendant presented her hypothesis of innocence at trial, which was rejected by the jury when it found beyond a reasonable doubt that defendant intended to defraud the victim. In reviewing the sufficiency of evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Neal, 00-0674, p. 9 (La. 6/29/01), 796 So.2d 649, 657, cert. denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002). In cases involving circumstantial evidence, the trial court must instruct the jury that, “assuming every fact to be proved that the evidence tends to prove, in ordér to convict, it must exclude every reasonable hypothesis -of- innocence.” La. R.S. 15:438. The reviewing court is not required to determine whether another possible hypothesis of innocence suggested by the defendant offers an exculpatory explanation of events. Rather, the reviewing court must determine-whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. State v. Mitchell, 99-3342 (La. 10/17/00), 772 So.2d 78, 83; State v. Washington, 03-1135 (La. App. 5 Cir. 1/27/04), 866 So.2d 973, 977, writ denied, 04-1809 (La. 5/6/05), 901 So.2d 1086. |fiIn this case, defendant was convicted of theft of the assets, of an aged person, in violation of La. ,R.S. 14:67.21. At the time of the offense, theft of the assets of an aged person wa,s defined in pertinent: part as: _ _ , [t]he intentional use, consumption, conversion, management, or appropriation of an aged person’s ... funds, assets, or property through the execution or attempted execution of a fraudulent or deceitful scheme - designed to benefit a person other than the aged person[.] La. R.S. 14:67.21(B)(3) (2013).[3] La. R.S. 14:67.21(A)(1) defined “aged person” as any person sixty years of age or older. The victim in the instant case was over the age of sixty at the timé of the offense. Theft is a crime of specific intent. State v. Patterson, 11-158 (La. App. 5 Cir. 11/29/11), 78 So.3d. 855, 859. Specific criminal intent , is defined as “that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed, criminal consequences to follow his act or failure to act.” La. R.S. 14:10(1). Specific intent may be inferred, from the circumstances of a transaction and from the actions of the accused. State v. Joseph, 09-400, p. 13 (La. App. 5 Cir. 12/29/09), 30 So.3d 157, 165. Further, specific intent is a legal conclusion to be resolved by the fact-finder. Id. In State v. Greene, 09-2723 (La. 1/19/11), 55 So.3d 775 (per curiam), the State charged the defendant with theft in an amount over $500.00; however, the trial court found him guilty of unauthorized use of a movable. The supreme court found that considering the evidence presented at trial, any rational trier of fact could find that the defendant took the advance payment on the contract from the victim by fraudulently representing himself as a licensed general contractor in Louisiana, and by that act alone, committed the offense of unauthorized use of a |7movable when he took the $25,000.00 deposit from her. Moreover, the supreme court found that none of the ensuing events undercut the inference of fraudulent intent arising from the defendant’s initial misrepresentations, noting that the defendant continued to draw on the victim’s advance money until he had completely depleted the advance even though he had performed relatively little work on the house. Also, the supreme court indicated that the victim’s complaint was criminal in nature. In the instant case, the evidence presented at-trial showed that, on August 30, 2013, defendant contacted Ms. Sylvester to borrow $20,000.00. Defendant drew up a document that reflected that defendant was the owner of a business and proceeds from credit .card sales at the business would be used to repay Ms. Sylvester. Further, the defendant’s document promised repayment of twice the borrowed amount from the “credit card sales or- by profits from all sales of the establishments operated and owned” by defendant within 30 days. The promissory note also provided in pertinent part: In the event that these things listed below happen or the borrower sells the building the balance of 40,000.00 will be taken out of the sale of the building and given to the lender. 1) The failure of the Borrower to pay the balance in full on or before the Due Date. [[Image here]] Ms. Deroche from SJPSO testified that defendant was not the registered owner of any business in the parish at that time. The defense presented testimony that the business in question was managed by defendant but could not repay the loan due to a downturn in business. In finding defendant guilty, the jury made a credibility determination and rejected defendant’s version of events. The credibility of witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, |Rthe testimony of any witness; the credibility of the witnesses will not be reweighed on appeal. State v. Rowan, 97-21 (La. App. 5 Cir. 4/29/97), 694 So.2d 1052, 1056. Upon review, we find that a rational trier of fact could have found that the evidence was sufficient under the Jackson standard to prove that defendant intended to defraud Ms. Sylvester. First, defendant’s misrepresented ■ to Ms. Sylvester that she owned the business and that the money for repayment would come from credit card sales of the business or sale of the building. Second, the' promissory note drafted by-defendant promised Ms. Sylvester double her money—$40,000.00—in thirty days, which is highly unlikely. Third, defendant avoided Ms; Sylvester for months with various empty promises of repayment but did not repay any part of the stolen money. Considering the evidence in the light most favorable to the prosecution, we flnd that there was sufficient proof for a rational trier of fact to conclude beyond a reasonable doubt that defendant committed theft of assets of an aged person. In her second assignment of error, defendant argues that her twelve-year enhanced sentence was excessive in light of the weak circumstantial evidence that the State used to. convince the jury that she defrauded Ms. Sylvester of $20,000.00. She further argues that, in light of the fact that all of her convictions are non-violent, a twelve-year sentence is grossly excessive. The State responds that the trial judge did not abuse his discretion when imposing sentence. Here, the defendant’s sentence fell slightly below mid-range and the trial judge was aware that defendant had four prior felony convictions, three of which were for crimes of fraud. The State argues that, given defendant’s criminal history, the high dollar amount of the theft, and the age of the victim, a twelve-year, sentence was not excessive. On February 18, '2016, defendant was convicted of theft' of assets of an aged person. Oh September 8, 2016, the trial judge subsequently found her to be a third Infelony offender. The trial judge ordered defendant, to pay $20,000.00 in restitution to Ms. Sylvester in the amount of $150.00 per month based on her indigent status. The trial judge stated that, after.hearing the testimony and evidence, he believed that the interest of justice demanded that defendant serve twelve years in the Department of Corrections, noting that the sentencing range for a third felony offender in 2013 was “6.8 years as a minimum to 20 years as a maximum.”[4] Defense .counsel objected to the order of restitution while defendant .was incarcerated and to the twelve-year sentence. , ■ The Eighth Amendment to the United States Constitution and Article I, §' 20 of the Louisiana Constitution prohibit the.imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Crawford, 05-494 (La. App. 5 Cir. 1/31/06), 922 So.2d 666, 669, writ denied, 09-1172 (La. 3/12/10), 28 So.3d 1021. A sentence that is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering is unconstitutionally excessive, even if it is within the statutory limits. State v. Riche, 608 So.2d 639, 640 (La. App. 5 Cir. 1992), writ denied, 613, So.2d 972 (La. 1993). Whether the sentence imposed is too severe depends on the circumstances of the case 'and the background -of the defendant. State v. Woods, 09-399 (La. App. 5 Cir. 3/9/10), 38 So.3d 391, 411, writ denied, 10-0784 (La. 10/29/10), 48 So.3d 1096. A trial court is afforded great discretion in determining sentences and sentences will not be set aside as excessive absent clear abuse of that broad , discretion. Riche, supra at 640. | inIn reviewing a sentence for excessiveness, the reviewing court must consider the crime and the- punishment in light of the harm to society and gauge whether, the penalty is so disproportionate as to shock its sense of justice. Crawford, supra at 669. The three factors that are considered in reviewing a trial court’s sentencing discretion are the nature of the crime, the nature and background of the offender, and the sentence imposed for similar crimes by the same court and other courts. Id. at 670. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. Id. at 670-71. An-“appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed.” La. C.Cr.P. art. 881.4(D). As a third felony- offender with an underlying conviction of theft of assets of an aged person, the sentencing range in August of 2013, when the offense was committed, was 6.7 years to 20 years." See La. R.S. 14:67.21(0(1) (2013); La. R.S. 15:529.1(A)(3)(a).[5] In State v. Mangham, 47,977 (La. App. 2 Cir. 4/10/13), 113 So.3d 493, the defendant pled guilty to theft of assets of an aged person in violation of La. R.S. 14:67.21 and was sentenced to serve eight years imprisonment at hard labor, The trial judge said he would have given the defendant the maximum ten-year sentence except that he pled guilty. In that case, the defendant took over $200,000.00 from his in-laws by telling them that he was an agent for Primerica Financial Services and could invest their funds for a substantial return. Instead, the defendant spent the money for his own use. InOn appeal, he argued that his sentence was excessive since he was a first felony offender and was ordered to pay restitution, The appellate court upheld the sentence, noting that the defendant defrauded his elderly, sick in-laws out of their savings for three years and then moved on to con other individuals, made no effort to confess his wrongdoing to his family or mention paying the money back until he faced criminal charges and preyed upon the trust of his own family "members to rob them of their financial security. The appellate court found that given the large amount of money stolen and the circumstances of his crimes, the sentence imposed did not shock the sense of justice considering the heinous crime committed. In the instant case, we find that the trial judge did not abuse his discretion by imposing a twelve-year enhanced sentence. Defendant used her long-term friendship with the victim and made misrepresentations in order to encourage the 65-year-old victim.to give her $20,000.00, which she did not repay. Also, defendant had a criminal history, which included convictions for forgery, obstruction of justice, and issuing worthless checks, Further, the sentence imposed is mid-range and supported by the jurisprudence. In light of the foregoing, we find that the twelve-year enhanced sentence was not constitutionally excessive. Errors patent We have reviewed the record for errors patent, according ,to La. C.Cr.P. art.. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990). We have found the following errors that require correction. Post-Conviction Relief Advisal In this case, the sentencing transcript indicates that the trial judge advised defendant that she had two years to file a petition for post-conviction relief, which is incomplete. The failure of the trial judge to advise' a defendant that the | ^prescriptive period for seeking post-conviction- relief runs from the time his conviction and sentence -become final renders the advisal incomplete. State v. Grant, 04-341, p. 5 (La. App. 5 Cir. 10/26/04), 887 So.2d 596, 598. Further, it is well-settled that if a trial court provides an incomplete advisal, pursuant to La. C.Cr.P. art. 930.8, the appellate court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief. See State v. Neely, 08-707 (La. App. 5 Cir. 12/16/08), 3 So.3d 532, 538, writ denied, 09-0248 (La. 10/30/09), 21 So.3d 272; State v. Davenport, 08-463 (La. App. 5 Cir. 11/25/08), 2 So.3d 445, 451, writ denied, 09-0158 (La. 10/16/09), 19 So.3d 473. Accordingly, we advise defendant by way of this opinion that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922. Consistency/Commitment There is a discrepancy between the transcript and the State of Louisiana Uniform Commitment Order (UCO). When there is a discrepancy, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983). The UCO reflects the date of the offense as June 19, 2014; however, the record shows the correct date of the offense as on or about August 30, 2013.[6] Therefore, we remand this matter for the correction of the UCO regarding the date of the offense. See State v. Long, 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142. Additionally, we order the Twenty-Fourth Judicial District Clerk of Court to transmit the corrected UCO to the officer in charge of the institution to which defendant has been sentenced, as hswell as the Department of Corrections’ Legal Department. See La. C.Cr.P. art. 892(B)(2); State v. Roland, 06-244 (La. 9/15/06), 937 So.2d 846. AFFIRMED; REMANDED FOR CORRECTION OF THE UNIFORM COMMITMENT ORDER. . Defense counsel’s motion for a “verdict of acquittal based on the evidence not being supported by the jury's finding" can be considered a motion for post-verdict judgment of acquittal pursuant to La. C.Cr.P. art. 821. See State v. Richardson, 35,450, p. 6 (La. App. 2 Cir. 2/27/02), 811 So.2d 154, 159 (oral motion for a judgment of acquittal notwithstanding the jury’s verdict could be considered a motion for post-verdict judgment of acquittal pursuant to La. C.Cr.P. art. 821). . While we note that the trial judge did not impose a sentence on the underlying conviction, we point out that the failure to impose an original sentence before a multiple offender adjudication is not error since the original sentence would be vacated upon the defendant’s sentencing as a multiple offender. State v. Crane, 00-1373, p. 6 (La. App. 5 Cir. 3/14/01), 783 So.2d 448, 452, n.4. . La. R.S. 14:67.21 and several other statutes were repealed, effective August 1, 2017, by Acts 2017, No. 281, § 3. . We note that the trial judge incorrectly cat culated the minimum sentencing exposure as 6.8 years but the correct minimum sentence for a third felony offender under La, 15:529.1(A)(3)(a), where, as here, the underlying felony has a maximum sentence of ten years is 6.7 years, In this case, defendant was not sentenced to the minimum but rather'to twelve years so this misstatement was inconsequential. . The State filed a multiple bill with the following predicate offenses: 1) a guilty plea on May 13, 1998, to forgery in violation of La. R.S, 14:72, in case number 97-7879 in the Twenty-Fourth Judicial District Court; 2) a guilty plea on May 26, 1999, to obstruction of justice in violation of La. R.S. 14:103.1 [sic], in case number 97-0022 in the TwentyTNinth Judicial District Court; 3) a guilty plea on October 13, 1999, to issuing worthless checks in violation of La. R.S. 14:71, in case number 1998-CR-663 in the Fortieth Judicial District Court; and 4) a guilty plea on January 21, 2003, to issuing worthless checks in violation of La. R.S, 14:71, in case number 02-0608 in the Twenty-Ninth Judicial District Court. Defendant was found to be a third felony offender after a hearing,_ . The UCO also reflects the adjudication date as September 8, 2016, which was the date that defendant was found to be a third felony offender and sentenced as such.