947 So.2d 81 (2006)
STATE of Louisiana
v.
Javon GOMEZ.
No. 06-KA-417.
Court of Appeal of Louisiana, Fifth Circuit.
November 28, 2006.
*82 John M. Crum, Jr., District Attorney, Rodney A. Brignac, Assistant District Attorney, Fortieth Judicial District, Parish of *83 St. John the Baptist, Edgard, Louisiana, for Appellee, State of Louisiana.
Jane L. Beebe, Attorney at Law, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant, Javon Gomez.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., SUSAN M. CHEHARDY, and GREG G. GUIDRY.
SUSAN M. CHEHARDY, Judge.
The District Attorney for St. John the Baptist Parish filed a bill of information charging Javon Gomez with possession with intent to distribute cocaine in violation of La. R.S. 40:967(A)(1) and possession with intent to distribute marijuana in violation of La. R.S. 40:966(A)(1). The defendant pled not guilty at arraignment. Defendant filed numerous pre-trial motions, including motions to suppress physical evidence and statements. The motion hearings were conducted over the course of several months; after which, the trial judge denied the motions to suppress.
On April 4, 2005, the defendant pled guilty to both counts, reserving his right to appeal the trial judge's ruling on his motions to suppress under State v. Crosby, 338 So.2d 584 (La.1976).[1] The defendant thereafter waived sentencing delays and, that day, the trial judge sentenced defendant to concurrent sentences of seven years imprisonment at hard labor on each count. The trial judge also imposed a fine in the amount of $2,000.00 and court costs of $210.50. The defendant filed a timely motion for appeal, which the trial judge granted.
Facts
Corporal Jose Rel of the St. John the Baptist Parish Sheriff's Office testified that, on August 9, 2003, he was on patrol in LaPlace on Airline Highway when he observed a red Nissan traveling east on Airline Highway at approximately 1:00 a.m. According to Corporal Rel, the vehicle's tail-lights were not illuminated. Corporal Rel pulled alongside the vehicle and saw that the headlights were activated, which ruled out the possibility that the driver had just forgotten to turn on his headlights. Corporal Rel also observed that the driver was not wearing his seat belt. The officer followed the vehicle for approximately one-half mile before initiating a traffic stop.
As Corporal Rel exited his patrol unit, the driver exited his vehicle and approached Corporal Rel. As the driver walked toward him, Corporal Rel smelled a strong odor of marijuana on the driver. Corporal Rel advised the driver of the reasons for the traffic stop and asked for his driver's license. At that point, Corporal Rel identified the driver as Javon Gomez, the defendant herein.
Corporal Rel testified that, when asked, the defendant denied that he had been smoking marijuana. Defendant also denied that he had any illegal narcotics or contraband in the vehicle. Corporal Rel testified that he asked the defendant for consent to search the vehicle, and the defendant replied he had "no problem with that." Instead of immediately searching the vehicle, however, Corporal Rel asked the defendant to close the door of the car. *84 Meanwhile, Deputy Charles Ray Wale, III had arrived at the scene as a back up officer.
Corporal Rel then called for a canine unit. Approximately two minutes later, Corporal Bertrand and his dog, Nasca, arrived. Corporal Bertrand testified that he told the defendant that Nasca was certified to detect and alert when odors of marijuana, cocaine, heroin, and metham-phetamines are present. Corporal Bertrand further explained to the defendant that Nasca would alert to the odor of these substances, even if the substances were not physically present. Thereafter, Corporal Bertrand asked the defendant to allow him to search the vehicle and the defendant agreed. When Corporal Bertrand informed Corporal Rel that defendant had consented to the search, Corporal Rel confirmed that the defendant had also consented when Corporal Rel asked permission to search the vehicle.
When Corporal Bertrand walked Nasca along the exterior of the vehicle, the dog alerted to the seam between the front and rear driver's side doors, and also to the rear quarter panel of the vehicle. Corporal Bertrand allowed Nasca to get into the front seat of the car and the dog immediately jumped in the back seat and alerted to the rear deck, or ledge, of the back seat. As Nasca pawed the back seat, Corporal Bertrand could see that the rear seat was unlatched so he leaned the seat forward to reveal the trunk area. When Corporal Bertrand shined his flashlight into the trunk area, he saw an opened brown paper bag containing a clear plastic bag of green leafy material. He also observed a scale inside of the bag. Corporal Bertrand advised Corporal Rel of the contraband. The green leafy material field-tested positive for marijuana, and the defendant was arrested. According to Corporal Rel, the defendant said that the marijuana did not belong to him.
Corporal Rel testified that the officers then opened the trunk from the outside, and saw a partially-opened CD case containing a clear plastic bag, which contained a white powder that field-tested positive for cocaine. The officers also found a brown paper bag containing three smaller bags of marijuana and various other controlled dangerous substances that are not related to the convictions that defendant is now appealing.
On appeal, defendant presents one counseled assignment of error and one pro se assignment of error. In his counseled assignment of error, defendant argues that the trial court erred in denying the motion to suppress the physical evidence because it was the product of an illegal detention and involuntary consent. In his pro se assignment of error, defendant contends that the trial judge erred in denying his motion to suppress the evidence because the officer "had legitimate reason to stop appellant and no verbal consent to search his car." We will address both issues simultaneously.
The Fourth Amendment to the United States Constitution and Article I, § V of the Louisiana Constitution protect individuals from unreasonable searches and seizures. However, the right of law enforcement officers to stop and interrogate one reasonably suspect of engaging in criminal activity is recognized by La. C.Cr.P. art. 215.1, as well as by State and federal jurisprudence. See, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Preston, 04-269 (La.App. 5 Cir. 7/27/04), 880 So.2d 64, 67. Generally, the decision to stop a vehicle is reasonable when the police have probable cause to believe that a traffic violation has occurred. State v. Waters, 00-0356 (La.3/12/01), 780 So.2d 1053, 1056, citing, *85 Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996). The standard is an objective one that does not take into account the subjective beliefs or expectations of the police officer. State v. Waters, citing, Whren, 517 U.S. at 813, 116 S.Ct. at 1774. Accord, State v. Preston, supra.
In his pro se brief, defendant contests the validity of the traffic stop. At the suppression hearing, Corporal Rel testified that he stopped the defendant because his vehicle's tail-lights were not illuminated while traveling at night. La. R.S. 32:304 requires tail-lights on motor vehicles. La. R.S. 32:301 governs the operation of lights and other illuminating devices on vehicles on a highway. In State v. Winfrey, 359 So.2d 73, 76 (La.1978), the Louisiana Supreme Court found that the police lawfully stopped the defendant who was driving an automobile without its lights at night because every vehicle driven after sunset and before sunrise must have its lights on.
Defendant contends that his tail-lights were in perfect working order, which he argues casts doubt on Corporal Rel's credibility. First and foremost, the credibility of witnesses at the suppression hearing is within the discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness, and such credibility determinations will not be reweighed on appeal. State v. Calvert, 01-826, p. 7 (La.App. 5 Cir. 2/26/02), 811 So.2d 1081, 1084. Second, the record does not support the defendant's argument. Corporal Rel testified at the suppression hearing that he followed defendant's vehicle for about one-half mile on the night in question. Corporal Rel verified, during that time, that defendant's headlights were in working order. The defense did not elicit or offer testimony to contradict Corporal Rel's statements.
Furthermore, Corporal Rel testified that defendant was not wearing a seatbelt. La. R.S. 32:295.1 provides for seat belt use by occupants of vehicles. A driver's failure to wear a seatbelt constitutes reasonable cause for a stop. See, State v. Jackson, 04-728 (La.App. 5 Cir. 12/14/04), 892 So.2d 71, 75, writ denied, 05-548 (La.1/9/06), 918 So.2d 1033. Thus, even if we were to find merit in defendant's contention that the vehicle's tail-lights were operational, the record reflects that defendant was not wearing a seatbelt and, thus, in violation of traffic law, which gave Officer Rel probable cause to stop the defendant. We find that the initial stop was justified.
In his counseled brief, defendant asserts that the traffic stop exceeded constitutional bounds when Corporal Rel asked the defendant to exit the vehicle without justification. However, both the U.S. Supreme Court and the Louisiana Supreme Court have recognized that an officer making a traffic stop may order the driver (as well as passengers) out of a vehicle pending completion of the stop. Maryland v. Wilson, 519 U.S. 408, 415, 117 S.Ct. 882, 886, 137 L.Ed.2d 41 (1997); State v. Benoit, 01-2712 (La.5/14/02), 817 So.2d 11, 15; State v. Jackson, 04-728 (La.App. 5 Cir. 12/14/04), 892 So.2d 71, 75, writ denied, 05-548 (La.1/9/06), 918 So.2d 1033. Thus, once Corporal Rel stopped the vehicle, he was authorized to order the defendant out of the vehicle, which led to further conversation and eventually a search of defendant's vehicle.
Next, in both his counseled and pro se briefs, defendant contends that he did not consent to the officers' search of his car. Consent is a well-recognized exception to the warrant requirement. State v. Strange, 04-273 (La.5/14/04), 876 So.2d 39. When the State relies on consent to justify a warrantless search, it has the burden of proving the consent was given *86 freely and voluntarily. State v. Enclade, 03-353 (La.App. 5 Cir. 9/16/03), 858 So.2d 8, 15. Oral consent is sufficient and written consent is not required. State v. Ossey, 446 So.2d 280, 287, fn. 6 (La.1984), cert. denied, 469 U.S. 916, 105 S.Ct. 293, 83 L.Ed.2d 228 (1984). Accord, State v. Enclade, supra. Voluntariness of consent is a question of fact which the trial judge is to determine based on the totality of the circumstances. State v. Enclade, 858 So.2d at 15.
Here, defendant contends that, considering the large amount of illegal narcotics that were ultimately found in his vehicle, a reasonable person could not imagine that he would have consented to a search of his vehicle. The standard, however, is whether the trial judge found that consent was voluntarily given under the circumstances. In this case, both Corporal Rel and Corporal Bertrand testified at the suppression hearings that the defendant consented to have his vehicle searched. In fact, the defense did not elicit or offer testimony to refute or contradict the officers' statements that defendant consented to the search of his vehicle. Based upon our review of the record, we do not find support for defendant's argument.
Ultimately, the trial court's denial of a motion to suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. Butler, 01-907 (La.App. 5 Cir. 2/13/02), 812 So.2d 120, 124. Based on the foregoing, we cannot say that the preponderance of evidence clearly favors suppression. We, therefore, find no error in the trial court's denial of defendant's motion to suppress.
Finally, defendant requests an error patent review. We note that defendant's sentence is indeterminate according to La.C.Cr.P. art. 879 because the trial judge did not specify whether the $2,000.00 fine was imposed as a penalty for count one or count two. See, La. R.S. 40:967(B)(4)(b); 40:966(B)(3), West 2003. We, therefore, vacate defendant's sentence and remand this matter for the trial judge to clarify the sentence. See, State v. Lachney, 621 So.2d 846, 848 (La.App. 5 Cir.1993).
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.
NOTES
[1] In exchange for defendant's guilty plea, the State dismissed charges which arose from the same incident but had been brought in a separate bill of information. We note also that the defendant sent a letter, received on April 21, 2005, to the Clerk of Court for St. John the Baptist Parish asking for consideration of his request to change his Crosby plea to an Alford plea. There is no ruling on defendant's request in the record. Further, defendant has not briefed this issue on appeal. This issue is, thus, not before this Court and will not be addressed on appeal.