JOHNSON, J.
| ¶ Defendant, Wayne E. Gardner, appeals his convictions and sentences for six counts of pornography involving juveniles from the 24th Judicial District Court, Division “J”. For the following reasons, Defendant’s convictions are affirmed, the sentences are vacated, the matter is remanded with instructions, and the motion to withdraw is granted.
FACTS AND PROCEDURAL HISTORY
On February 18, 2015, the Jefferson Parish District Attorney filed a bill of information charging Defendant with five counts of pornography involving juveniles in violation of La. R.S. 14:81.1(E)(5)(A). Defendant was arraigned on March 18, 2015, and pleaded not guilty. On October 7, 2015, the Jefferson Parish District Attorney filed a superseding bill of information charging Defendant with six counts of pornography involving juveniles in violation of La. R.S. 14:81.1(E)(5)(A)).[1] On that same date, Defendant entered a plea of not guilty to the superseding bill. The case was tried before a 12-person jury on October 7, 2015.
At the trial, Investigator Brian Brown, a member of the Louisiana Unit of the Internet Crimes Against Children (“ICAC”) Task Force, testified that on September 28, 2011, he was conducting a “peer to peer investigation” into computer files containing child pornography being shared online. He explained that he entered terms synonymous with child pornography and set the computer to look for people who were exchanging child pornography titles, after which his computer attempted to connect to that person’s computer to download the files. Investigator Brown further explained that his computer was successful at locating someone who was sharing one of those types of files. He downloaded the file onto CD, determined the location of the IP[2] address, and contacted a member of the ICAC Task Force in Kenner, the same jurisdiction where the download occurred.
*515 Kenner Police Department Detective Jessica Cantrell Zuppardo, a member of the Louisiana ICAC Task Force, testified that in September of 2011, she was contacted by Investigator Brown who told her that he had connected to someone in Ken-ner trading child pornography and that he was able to download from that person. She opened the CD given to her by Investigator Brown and confirmed that it was child pornography. Detective Zuppardo sent a subpoena to Cox Communications to determine what physical address the IP address was associated with and learned that Defendant owned the IP address at issue. Detective Zuppardo subsequently prepared a search warrant for Defendant’s residence at 601 Vintage Drive, Apartment E-234, in Kenner.
Detective Zuppardo testified that on November 30, 2011, the search warrant was executed. During the search of Defendant’s residence, she seized a Compaq computer tower, an eMachine computer tower, a box containing animated adult and child pornography and pages from comic books, a CD case containing pornographic videos and unmarked miscellaneous CDs and DVDs, an unmarked DVD containing child pornography, and numerous pages containing full-sized printed images of child pornography. Afterward, Detective Zuppardo arrested Defendant and advised him of his rights both verbally at the scene and in written form when they returned to the Kenner Police Department. Detective Zuppardo testified that she and Defendant read the waiver of rights form, after which Defendant said he understood his rights and then signed the form waiving them.
Defendant subsequently gave a recorded statement on November 30, 2011, which was played for the jury.[3] In his statement, Defendant admitted that he had been downloading and viewing child pornography for approximately three years: that he had saved, shared, and printed some of it, and that he had copied some of it onto discs. He also admitted that he had hundreds of images and some videos of child pornography on his computer. Additionally, Defendant indicated that he had numerous pictures of child pornography at his residence. He explained that he had heard that it was illegal and knew that it was wrong to view and possess child pornography, but that he did it anyway. Defendant claimed that he engaged in these activities, not because he was attracted to children, but because he wanted to find out the identities of the individuals taking the photographs and making the videos so he could inform the police. Nevertheless, he stated that he never contacted the police as to what he had found.
Detective Zuppardo further testified that in 2014, she conducted a “peer to peer investigation” similar to the one Investigator Brown conducted in 2011. On November 7, 2014, she found an IP address associated with child pornography. She sent a subpoena to Cox Communications for the IP address and found that the subscriber was a man named Matthew Tierney. Detective Zuppardo prepared a search warrant for Mr. Tierney’s residence at 2414 21st Street in Kenner. On December 19, 2014, when she knocked on the door to execute the search warrant, Defendant opened the door, and she learned, that Defendant and Mr. Tierney lived at that residence. During that search she recovered a laptop computer; images and illustrations depicting child pornography, child erotica, and adult pornography; illustrated comic book drawings; a video depicting pornography; and a comic book depicting adult pornography. Detective Zuppardo *516 prepared a search warrant for the seized computer to be analyzed and searched. She testified that none of Mr. Tierney’s electronic devices contained pornography. She further testified that Defendant’s computer did contain child pornography.
Kenner Police Department Sergeant Edward Rohde, who was accepted as an expert in the field of forensic computer examination, testified that he performed an analysis in the instant case. As to the 2011 case, he analyzed Defendant’s Compaq computer tower which contained a Seagate hard drive. He also analyzed Defendant’s eMachine computer tower which contained a Western Digital hard drive and a Hitachi hard drive. Sergeant Rohde testified that with respect to the Compaq computer, there were numerous files that constituted child pornography and 4,015 images and 16 videos depicting what appeared to be pubescent and prepubescent male and female children engaged in sexual activity. He also testified that with respect to the eMachine computer, both hard drives contained numerous images of child pornography: the Western Digital hard drive contained nineteen videos depicting what' appeared to be pubescent and prepubescent male and female children engaged in sexual activity, and the Hitachi hard drive contained three videos and thirteen “thumbnail” photographs indicative of child pornography. As to the 2014 case, Sergeant Rohde testified that he analyzed Defendant’s laptop computer and found in excess of 500 files which contained images and videos of child pornography. He also found evidence of “peer to peer” software downloaded on the hard drive of the laptop.
After the State rested its case, Defendant testified in his own defense regarding both the 2011 and 2014 cases. Defendant stated that his first experience with child pornography was on his brother’s computer. He explained that he began downloading numerous images and videos of child pornography for investigative purposes in order to identify the individuals who were making it. Defendant asserted that he printed out pictures of child pornography, so he would not lose them in case his hard drive crashed. He testified that he downloaded child pornography on a regular basis to ascertain Cox Communications’ relationship with the police. Defendant claimed he did not tell the police what he was doing because he did not have enough information and was looking for more.
Defendant further testified that the Compaq computer with the Seagate hard drive, the eMachine computer with the Western Digital and Hitachi hard drives, the papers under his bed that he printed out and knew were there, the CD recovered by the Kenner Police Department, and the HP laptop computer with the hard drive in 2014 all belonged to him. He asserted that he had numerous files of child pornography on the “two desktop towers” and looked at them many times; that he printed out some of the child pornography and shared some of it; that he believed the children in those images and videos were definitely under the age of thirteen; and that when he possessed those items in 2011 and 2014, he knew it was wrong and that he was not supposed to possess child pornography.
At the conclusion of the trial, the jury unanimously found Defendant guilty as charged on all counts. Defendant filed a motion for new trial on October 16, 2015. On October 19, 2015, the trial judge denied that motion. After defense counsel said Defendant was ready for sentencing, the trial judge sentenced Defendant on each of the six counts to imprisonment in the Department of Corrections for 20 years with each sentence to run concurrently with one another. He also ordered “that sentence” *517 to be served without benefit of parole, probation or suspension of sentence, and he imposed a $500.00 fine. Afterward, defense counsel stated that he would like to file a motion for appeal, and the trial judge responded, “All right. Motion for Appeal is filed.” A short time later, the trial judge ordered Defendant to comply with the sex offender registration requirements pursuant to La. R.S. 15:541, et seq., set forth in the packet provided to and signed by Defendant that day. The record reflects that Defendant filed a written motion for appeal on October 19, 2015, and that it was granted the same day. This timely appeal followed.
ASSIGNMENTS OF ERROR
On appeal, Defendant seeks review of his conviction and sentence in conformity with the procedures outlined in State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam).
LAW AND ANALYSIS
Under the procedure adopted by this Court in State v. Bradford, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[4] appointed appellate counsel has filed a brief asserting that he has made a conscientious and thorough review of the entire appellate record, including the procedural history and facts, and has not found any non-frivolous issues to raise on appeal.[5] Accordingly, appointed counsel requests permission to withdraw as counsel of record.
After receiving appellate counsel’s brief and motion -to withdraw, this Court performed a full examination of all the appellate record to determine whether the appeal is frivolous in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam). Our independent examination of the record in the instant case consisted of: (1) a review of the bill of information to ensure that Defendant was properly charged; (2) a review of all minute entries to ensure that Defendant was present at all crucial states of the proceedings and that the convictions and sentences are legal; and (3) a review of all the transcripts to determine if any ruling provided an arguable basis for appeal. After review, we find no non-frivolous issues with any of Defendant’s convictions.
However, Defendant’s commitment reflects that the $500.00 fine was imposed on each count with all counts to run concurrently. Yet, the transcript reflects that the trial judge imposed a $500.00 fine but did not specify which count or counts the fine was associated with. The transcript prevails. See State v. Lynch, 441 So.2d 732, 734 (La.1983).
In State v. Gomez, 06-417 (La.App. 5 Cir. 11/28/06), 947 So.2d 81, 86, this Court found that the defendant’s sentence was indeterminate according to La. C.Cr.P. art. 879[6] because the trial judge did not specify whether the $2,000.00 fine was imposed as a penalty for count one or count two. As a result, this Court vacated the defendant’s sentence and remanded the matter for the trial judge to clarify the sentence.
*518 In the instant case, we find that Defendant’s sentences are indeterminate because the trial judge did not specify which count or counts the fine was associated with. Therefore, in following Gomez, supra, we vacate Defendant’s sentences and remand the matter for the trial judge to clarify the sentences.
Furthermore, the transcript and the commitment reflect that the trial judge imposed six 20-year concurrent sentences; however, the trial judge stated “that sentence” would be imposed without the benefit of parole, probation, or suspension of sentence. It is unclear whether the “without benefits” provision was imposed on all six sentences. Upon remand, we instruct the trial judge to clarify the intended restrictions on the benefits for Defendant’s sentences.
DECREE
For the foregoing reasons, Defendant’s convictions are affirmed, the sentences are vacated, the matter is remanded with instructions, and the motion to withdraw is granted.
CONVICTIONS AFFIRMED; SENTENCES VACATED AND REMANDED; MOTION TO WITHDRAW GRANTED

. The State alleged in the bill of information in all six counts that Defendant committed pornography involving juveniles by intentionally possessing pornography involving juveniles wherein the victim was under 13 years of age and Defendant was 17 years of age or older.

. Danica Williams, custodian of records for Cox Communications, testified that an IP address is an internet protocol address attached to a modem that provides an individual with internet services.

. Although the transcript reflects that the statement was transcribed, the transcribed statement was not introduced into evidence nor placed in the exhibit envelope.

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4th Cir.1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

. On March 28, 2016, this Court notified Defendant of his right to file a pro se supplemental brief in this appeal. Defendant failed to file a supplemental brief.

. La. C.Cr.P, art. 879 provides that “[i]f a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence.”