WICKER, J.
*1299 Defendant, Byron Gillin, appeals his convictions and sentences for possession with intent to distribute marijuana and possession of methamphetamine. Defendant's appointed appellate counsel has filed an appellate brief pursuant to Anders v. California[1] and has further filed a motion to withdraw as counsel of record. For the following reasons, we affirm defendant's convictions, vacate his sentences, remand to the trial court for clarification of the sentences, and grant appellate counsel's motion to withdraw.
STATEMENT OF THE CASE
On December 8, 2016, the Jefferson Parish District Attorney's Office filed a bill of information charging defendant with possession with the intent to distribute marijuana in violation of La. R.S. 40:966(A) (count one) and possession of a controlled dangerous substance, methamphetamine, in violation of La. R.S. 40:967(C). Defendant pled not guilty to the charges at his arraignment. On May 22, 2017, defendant withdrew his pleas of not guilty and pled guilty as charged.
On June 14, 2017, the trial judge sentenced defendant in accordance with the plea agreement to five years at hard labor for his possession with intent to distribute marijuana conviction and five years at hard labor for his possession of methamphetamine conviction. The trial judge ordered that the sentences run concurrently and further imposed a $500.00 fine.[2] On July 14, 2017, defendant filed a motion to reconsider sentence, which the trial judge denied. This appeal follows.[3]
FACTUAL BACKGROUND
Defendant pled guilty without proceeding to trial. However, the state provided the following factual basis for the guilty pleas:
[I]f the State went to trial it would prove beyond a reasonable doubt that the Defendant Bryon Gillin did on or about September 22, 2016 violate Louisiana Revised Statute 40:966(A) and that he did knowingly or intelligently possess with the intent to distribute a controlled dangerous substance to wit Marijuana.
Additionally, the State would prove beyond a reasonable doubt that on or about September 22, 2016 that the Defendant, Byron Gillin did violate Louisiana Revised Statute 40:967(C) and that he did knowingly, intentionally possess a controlled dangerous substance to wit *1300 Methamphetamine, this occurring in the Parish of Jefferson.
ANDERS BRIEF
Under the procedure set forth in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4 Cir.1990), defendant's appointed appellate counsel has filed an Anders brief pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and could find no non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
In Anders , the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds the case to be wholly frivolous after a conscientious examination of it. In State v. Jyles , the Louisiana Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Jyles , 704 So.2d at 241.
An appellate court must conduct an independent review of the trial court record to determine whether the appeal is wholly frivolous. "When counsel files an Anders brief, an appellate court reviews several items: a) the Bill of Information to ensure that the charge is proper, b) all minute entries to ensure that defendant was present at all crucial stages of the prosecution, c) all pleadings in the record, and d) all transcripts to determine whether any ruling of the trial court provides a basis for appeal." State v. Dufrene , 07-823 (La. App. 5 Cir. 2/19/08), 980 So.2d 31, 33. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
In this case, appointed appellate counsel's brief demonstrates that after a detailed review of the record, counsel could find no non-frivolous issues to raise on appeal. The state agrees and urges this Court to grant defense counsel's request to withdraw as counsel of record. An independent review of the record supports counsel's assertion that there are no non-frivolous issues to raise on appeal.
First, the bill of information filed properly charged defendant with possession with intent to distribute marijuana in violation of La. R.S. 40:966(A) and possession of methamphetamine in violation of La. R.S. 40:967(C). As required, the bill of information clearly, concisely, and definitely states the essential facts constituting the offenses charged and sufficiently identifies defendant and the crimes charged. See La. C.Cr.P. arts. 464 -66. Second, the minute entries reflect that defendant appeared at each stage of the proceedings against him. The record reflects that defendant and his counsel physically appeared in open court for defendant's arraignment, guilty plea proceeding, and sentencing.
Third, defendant pled guilty to the charges against him. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief.
*1301 State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id. In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly. State v. Dixon , 449 So.2d 463, 464 (La. 1984).
The record reflects that defendant was aware he was pleading guilty to the charged offenses-possession with intent to distribute marijuana and possession of methamphetamine. He was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Defendant was advised of these rights by means of the waiver of rights form, which he signed, and during the colloquy with the trial judge.
The trial court advised defendant of the nature of the offenses with which he was charged and the state orally provided a factual basis for the pleas. The trial judge informed defendant of the statutory penalty ranges for the offenses and the agreed upon sentences that defendant would receive. The trial court was convinced that defendant understood his rights, the charges against him, and the possible penalties he faced. After the guilty plea colloquy with defendant, the trial judge accepted the pleas as knowingly, intelligently, and voluntarily made.
Last, defendant's sentences were imposed pursuant to a plea agreement and present no non-frivolous issue for appeal. A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement set forth in the record at the time of the plea. La. C.Cr.P. art. 881.2(A)(2). Because defendant's sentences were imposed in conformity with a plea agreement which was set forth in the record at the time of the plea, defendant cannot seek review of his sentences on appeal. See State v. Smith , 09-1043 (La. App. 5 Cir. 6/29/10), 43 So.3d 261, 265.
Nevertheless, defendant's sentences fall within the sentencing ranges statutorily prescribed. As to his possession with intent to distribute marijuana conviction, defendant faced a sentencing range of five to thirty years imprisonment and payment of a mandatory fine not to exceed $50,000.00. See La. R.S. 40:966(B)(3). As to his conviction for possession of methamphetamine, defendant faced a sentencing range of not more than five years imprisonment and a permissive fine of not more than $5,000.00. See La. R.S. 40:967(C)(2). The trial court sentenced defendant in accordance with the plea agreement to five years imprisonment on each conviction, with the sentences to run concurrently. The trial court further imposed a $500.00 fine, well within the prescribed statutory penalty range.[4]
Upon an independent review of the record, we find no non-frivolous issues for appeal. Defendant's appointed appellate counsel has adequately demonstrated her review and analysis of the record in this case. An independent review of the record supports counsel's assertions set forth in her Anders brief. Therefore, we find that counsel's request to withdraw as counsel of record should be granted.
ERRORS PATENT DISCUSSION
Defendant requests an errors patent review. This Court routinely reviews records for errors patent in accordance *1302 with La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5 Cir. 1990), regardless of whether a defendant makes such a request. The record reflects the following errors patent:
Although the minute entry from defendant's sentencing reflects that the trial court advised defendant of the time period for seeking post-conviction relief as required by La. C.Cr.P. art. 930.8, the transcript indicates an incomplete advisal.[5] Accordingly, we hereby advise defendant that, pursuant to La. C.Cr.P. art. 930.8, no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. art. 914 or 922. See State v. Ramsey , 10-333 (La. App. 5 Cir. 1/25/11), 60 So.3d 36, 42 ; State v. Newman , 12-359 (La. App. 5 Cir. 12/11/12), 107 So.3d 775, 781.
Second, the record reflects that the trial judge imposed a $500.00 fine, but did not specify whether he imposed a $500.00 fine in connection with defendant's sentence on count one or count two, or both. In State v. Gardner , the trial judge imposed a $500.00 fine in connection with the defendant's convictions for six counts of pornography involving juveniles but did not specify which count or counts the fine was associated with. 16-13 (La. App. 5 Cir. 9/8/16), 202 So.3d 513, 514, 517-518. This Court found that the defendant's sentences were indeterminate under La. C.Cr.P. art. 879, vacated the defendant's sentences, and remanded the matter for the trial judge to clarify the sentences. See also State v. Gomez , 06-417 (La. App. 5 Cir. 11/28/06), 947 So.2d 81, 86.
In this case, we find that defendant's sentences are indeterminate because the trial judge did not specify whether the $500.00 fine was imposed in connection with count one or count two, or both. Therefore, we vacate defendant's sentences and remand the matter to the trial court for the trial judge to clarify the sentences as to the fine imposed.
CONCLUSION
For the reasons provided, we affirm defendant's convictions but vacate defendant's sentences and remand the matter for the trial court to clarify the sentences as to the $500.00 fine imposed. Further, we grant appellate counsel's motion to withdraw as counsel of record.
CONVICTIONS AFFIRMED; SENTENCES VACATED; MATTER REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED

Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

The trial judge imposed court costs, fees, and fines as follow: "$642.00 in court costs, $500 fine ... $125 Commissioner fund fee, $2.00 indigent transcript fee, and a mandatory $250.00 fee to the Jefferson Parish Sheriff's Office." The trial judge ordered that defendant be given twelve months from his release in which to pay.

On September 11, 2017, the trial court granted defendant an out-of-time appeal.

See Errors Patent Discussion concerning the indeterminate nature of the trial court's imposition of a $500.00 fine.

The record also reflects that the trial court failed to inform defendant of the time period in which he must file an appeal. This error, however, is moot because defendant has been granted an out-of-time appeal.