LILJEBERG, J.
*1009 Defendant appeals his conviction and sentence for attempted possession of cocaine, arguing that his motion to suppress evidence should have been granted. For the following reasons, we affirm.
PROCEDURAL HISTORY
On September 22, 2017, the Jefferson Parish District Attorney filed a bill of information charging defendant, Shawn R. Richardson, with possession of cocaine in violation of La. R.S. 40:967(C). Defendant was arraigned and pleaded not guilty. On January 29, 2018, the trial court held a hearing on defendant's motion to suppress evidence, and the motion was denied.
On March 13, 2018, the matter proceeded to trial, and a jury found defendant guilty of the responsive verdict of attempted possession of cocaine. On March 16, 2018, the trial court sentenced defendant to one year at hard labor, to run consecutively to any time defendant was presently serving. Defendant appeals.
FACTS
On the night of August 7, 2017, Detective Nathaniel Obiol with the Jefferson Parish Sheriff's Office Narcotics Section observed a silver Chevy Malibu traveling on Veterans Boulevard near Lafreniere Park fail to signal as it changed lanes. At the time, Detective Obiol was alone in his unmarked unit but was working in tandem with four or five other narcotics officers, including his supervisor, Sergeant Joshua Collins. Officers conducted a traffic stop of the vehicle, and the driver pulled into a nearby parking lot in the 2600 block of Veterans Boulevard. Detective Obiol and several other unmarked police units equipped with police lights approached the vehicle when it pulled over.
Detective Obiol asked the driver, defendant, to step out. Detective Obiol immediately advised defendant of his Miranda[1] rights and the reason for the traffic stop, and defendant indicated that he understood his rights. During the traffic stop, Detective Obiol asked defendant if there was any contraband, such as narcotics or weapons, inside the vehicle or on his person. Detective Obiol testified that defendant was "adamant" there was nothing illegal in the vehicle or on his person, and defendant told the officers they could search him and his car. Sergeant Collins, who was present when defendant exited the vehicle, similarly recalled that defendant provided consent to search his person and vehicle.
In response to defendant's consent to search, Detective Obiol removed a stocking cap from defendant's head, and he and Sergeant Collins observed a plastic bag containing a rock of crack cocaine stuck to the side of defendant's head.[2] Detective *1010 Obiol seized the item as evidence, and defendant was arrested.
LAW AND DISCUSSION
In his sole assignment of error, defendant argues that the trial court erred in denying his motion to suppress evidence.[3] He asserts that his Fourth Amendment rights were violated when officers conducted a search of his person and seized evidence following a traffic infraction. He argues that his detention was unlawful and the purpose of the stop was pretextual as it was based upon a tip from an unreliable and unverified confidential informant.
The State responds that Detective Obiol was justified in stopping defendant after he observed the commission of a traffic infraction regardless of whether the stop was a pretext to investigate for narcotics. It argues that defendant voluntarily consented to a search of his person, and the seizure of the cocaine was legal under the consent exception to the warrant requirement. Thus, the State alleges that the trial court correctly denied the motion to suppress evidence.
The State has the burden, in a hearing on a motion to suppress the evidence, of establishing the admissibility of evidence seized without a warrant. La. C.Cr.P. art. 703(D). The trial court's denial of a motion to suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. Taylor , 12-25 (La. App. 5 Cir. 6/28/12), 97 So.3d 522, 529. When determining whether the ruling on a motion to suppress is correct, an appellate court is not limited to the evidence presented at the hearing on the motion to suppress but may also consider pertinent evidence presented at trial. State v. Smith , 03-786 (La. App. 5 Cir. 12/30/03), 864 So.2d 811, 818, writs denied , 04-380, 04-419 (La. 6/25/04), 876 So.2d 830 ; State v. Byes , 94-611 (La. App. 5 Cir. 12/28/94), 648 So.2d 1073, 1074 ; State v. Burkhalter , 428 So.2d 449, 455 (La. 1983).
The Fourth Amendment of the United States Constitution and Article I, Section 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. State v. Belton , 441 So.2d 1195 (La. 1983), cert. denied , 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984) ; Taylor , supra . However, law enforcement officers are authorized by La. C.Cr.P. art. 215.1, as well as state and federal jurisprudence, to conduct investigatory stops, which allow officers to stop and interrogate a person who is reasonably suspected of criminal activity. Terry v. Ohio , 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) ; State v. Gresham , 97-1158 (La. App. 5 Cir. 4/15/98), 712 So.2d 946, 951, writ denied , 98-2259 (La. 1/15/99), 736 So.2d 200. "Reasonable suspicion" to stop is something less than probable cause and is determined under the facts and circumstances of each case by whether the officer had sufficient facts within his knowledge to justify an infringement on the individual's right to be free from governmental interference.
*1011 State v. Sanders , 97-892 (La. App. 5 Cir. 3/25/98), 717 So.2d 234, 240, writ denied , 98-1163 (La. 9/25/98), 724 So.2d 774 ; Taylor , 97 So.3d at 529.
The violation of a traffic regulation provides reasonable suspicion to stop a vehicle. State v. Jones , 01-177 (La. App. 5 Cir. 10/17/01), 800 So.2d 958, 962. The standard is purely objective and does not take into consideration the subjective beliefs or expectations of the detaining officer. State v. Martin , 11-160 (La. App. 5 Cir. 12/28/11), 83 So.3d 230, 237. "Although they may serve, and may often appear intended to serve, as the prelude to the investigation of much more serious offenses, even relatively minor traffic violations provide an objective basis for lawfully detaining the vehicle and its occupants." State v. Waters , 00-0356 (La. 3/12/01), 780 So.2d 1053, 1056. Once an officer has lawfully stopped a vehicle for a routine traffic violation, he is authorized to order the driver and any passenger out of the vehicle pending completion of the stop. State v. Gomez , 06-417 (La. App. 5 Cir. 11/28/06), 947 So.2d 81, 85, citing Maryland v. Wilson , 519 U.S. 408, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997).
At the suppression hearing, Detective Obiol was the sole witness to testify. He stated that at approximately 9:50 p.m. on August 7, 2017, he received information from a confidential informant that a black male in a silver Chevy Malibu was selling crack cocaine in the area of Lafreniere Park. He testified that he and other members of his narcotics group established mobile surveillance of the area and observed a black male driving a silver Chevy Malibu on Veterans Boulevard in Metairie. Detective Obiol also testified, as he did at trial, that he observed a traffic violation when the vehicle failed to signal while changing lanes on Veterans Boulevard, so he conducted a traffic stop.
Defendant asserts that he was unlawfully stopped based on a tip from an unreliable and unverified confidential informant. He also argues that the stop was a pretext to investigate and search for drugs. However, both at the suppression hearing and at trial, Detective Obiol testified that he stopped defendant for a traffic infraction after he observed defendant change lanes without signaling. See La. R.S. 32:104(D) ("signals ... shall be used to indicate an intention to ... change lanes ..."). Even if the traffic stop was a pretext to investigate defendant for controlled dangerous substances, this Court has held that police officers may make an initial traffic stop after observing a traffic infraction, even if the stop is a pretext to investigate for other crimes. State v. Williams , 13-732 (La. App. 5 Cir. 3/26/14), 138 So.3d 727, 732. See also State v. Davis , 09-452 (La. App. 5 Cir. 1/26/10), 31 So.3d 513, writ denied , 10-2201 (La. 10/21/11), 73 So.3d 373.[4]
Accordingly, based on the testimony presented, we find that Detective Obiol conducted a lawful traffic stop of defendant after observing him commit a traffic infraction, regardless of whether the stop was additionally based on information from a confidential informant.
Defendant further contends that even if the initial stop was lawful, he was not engaged in any criminal activity to *1012 justify the search of his person and vehicle or the detention of him for any time longer than reasonably necessary to issue the traffic citation. He claims that Detective Obiol's conduct was not reasonably related to the circumstances that justified the stop.
La C.Cr.P. art. 215.1(D) provides that in conducting a traffic stop "an officer may not detain a motorist for a period of time longer than reasonably necessary to complete the investigation of the violation and issuance of a citation for the violation, absent reasonable suspicion of additional criminal activity." If the police officer has a specific suspicion of criminal activity, he may further detain the individual or the property while he diligently pursues a means of investigation likely to quickly confirm or dispel the particular suspicion. United States v. Sharpe , 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985) ; State v. Cooks , 12-237 (La. App. 5 Cir. 1/30/13), 108 So.3d 1257, 1269, writ denied , 13-0454 (La. 9/20/13), 123 So.3d 164.
Detective Obiol testified that when he stopped defendant, he ordered him out of the vehicle and advised him of his Miranda rights.[5] Detective Obiol recalled that defendant indicated he understood his rights, and Detective Obiol then asked him whether there was anything illegal in the vehicle or on himself, such as drugs or weapons. Detective Obiol testified that defendant was "adamant" there was nothing in the car or on his person, recalling defendant provided:
...no, there's nothing, you can search, it's - you know, I don't have anything in the car, there's nothing on me, I'm not doing anything illegal ... [Y]ou can search the vehicle, you can search me, I don't have anything on me."
Detective Obiol stated that because defendant consented to a search of his person and vehicle, he removed defendant's stocking cap and found the cocaine.
There is no evidence indicating the duration of the stop, and the record does not reflect that defendant was detained for a period of time longer than reasonably necessary to complete the routine traffic stop. The record suggests that the detention was brief and that defendant quickly consented to the search of his person and vehicle.
Finally, defendant contends that the search of his person leading to the discovery of the cocaine was illegal, where he did not execute a consent to search form. He claims Detective Obiol was not authorized to search his person.
Warrantless searches and seizures are unreasonable per se, unless justified by one of the specific exceptions to the warrant requirement. State v. Manson , 01-159 (La. App. 5 Cir. 6/27/01), 791 So.2d 749, 757, writ denied , 01-2269 (La. 9/20/02), 825 So.2d 1156, citing Schneckloth v. Bustamonte , 412 U.S. 218, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973). One of the specifically established exceptions to the requirements of both a warrant and probable cause is a search conducted pursuant to consent. If the State relies on consent to justify a warrantless search, it has the burden of proving the consent was given freely and voluntarily. State v. Cambre , 04-1317 (La. App. 5 Cir. 4/26/05), 902 So.2d 473, 479-80, writ denied , 05-1325 (La. 1/9/06), 918 So.2d 1039. Oral consent is sufficient and written consent is not required. Gomez , 947 So.2d at 86. Voluntariness of consent is a question of fact which *1013 the trial court is to determine based on the totality of the circumstances. Id.
The testimony indicates that defendant freely and voluntarily gave his oral consent to search his vehicle and person. Both at the suppression hearing and at trial, Detective Obiol maintained that defendant insisted he had no contraband or weapons on his person or his vehicle and gave the officers consent to search. When questioned by defense counsel as to why a waiver form was not executed for defendant's consent, Detective Obiol indicated that defendant was "adamant that he didn't have anything on him," so he "took his word" and performed the search. At trial, Sergeant Collins corroborated Detective Obiol's testimony, stating that he was present when defendant was stopped and exited his vehicle, and that defendant provided consent to search his person and his vehicle. After defendant voluntarily consented to the search of his person, Detective Obiol removed the stocking cap on defendant's head, which resulted in the discovery of the cocaine.
The credibility of witnesses is best determined by the trial judge and is not to be disturbed on appeal unless the trial judge abuses his discretion. State v. Wolff , 09-508 (La. App. 5 Cir. 12/29/09), 30 So.3d 897, 902. The trial judge did not abuse his discretion in crediting the testimony of Detective Obiol, which was also supported by the testimony of Sergeant Collins, that defendant gave consent to search his person and his vehicle.
In conclusion, the stop of defendant pursuant to a traffic violation was lawful, and the record does not show that defendant was detained any longer than necessary. Defendant freely and voluntarily gave consent to search his person and vehicle, and the cocaine was lawfully seized from defendant's person. For these reasons, the trial court did not abuse its discretion in denying defendant's motion to suppress evidence.
ERRORS PATENT
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5 Cir. 1990). The following error was noted.
Although the sentencing minute entry indicates that defendant was advised of the prescriptive period for seeking post-conviction relief, as set forth in La. C.Cr.P. art. 930.8, the transcript fails to indicate he was advised of these time limitations. When there is a discrepancy between the transcript and the minute entry, the transcript prevails. State v. Lynch , 441 So.2d 732, 734 (La. 1983).
Therefore, we advise defendant by way of this opinion that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of La. C.Cr.P. arts. 914 or 922. See State v. Neely , 08-707 (La. App. 5 Cir. 12/16/08), 3 So.3d 532, 538, writ denied , 09-248 (La. 10/30/09), 21 So.3d 272.
DECREE
For the foregoing reasons, we affirm defendant's conviction and sentence.
AFFIRMED

Miranda v. Arizona , 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Pamela Williams Cyprian, a forensic scientist at the Jefferson Parish Crime Laboratory who was accepted as an expert in the identification and analysis of controlled dangerous substances, tested the substance and confirmed it was cocaine.

A motion to suppress should be in writing. State v. Simmons , 08-269 (La. App. 5 Cir. 10/28/08), 996 So.2d 1177, 1182 n.1, writ denied , 09-0015 (La. 9/25/09), 18 So.3d 81, citing State v. Royal , 255 La. 617, 232 So.2d 292 (1970). Although it does not appear that defendant filed a written motion to suppress evidence in this case, the State did not object to the procedural deficiency and the trial court held a suppression hearing. Thus, this Court may review the ruling on the motion to suppress evidence. See Simmons , 996 So.2d at 1182, n.1.

In Davis , supra , the defendant contended that the detective used the pretext of a broken taillight to justify the stop of his vehicle. The detective admitted that although he stopped the vehicle for a broken taillight, the stop was also based on information he learned from a confidential informant. This Court found that police officers may make an initial traffic stop after observing a traffic infraction, even if the stop is a pretext to investigate for controlled dangerous substances. Id. at 517.

The Louisiana Supreme Court has found that an officer's recitation of Miranda rights to a defendant did not elevate a stop to an arrest. See State v. Thompson , 11-0915 (La. 5/8/12), 93 So.3d 553, 570.